IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

| | | |
|---|---|---|
| CARVIN LEACH, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | 1:14CV847 |
| | ) | |
| CAROLYN W. COLVIN, | ) | |
| Acting Commissioner of Social Security, | ) | |
| | ) | |
| Defendant. | ) | |

MEMORANDUM OPINION AND RECOMMENDATION
OF UNITED STATES MAGISTRATE JUDGE

Plaintiff Carvin Leach ("Plaintiff") brought this action pursuant to Section 205(g) of the Social Security Act (the "Act"), as amended (42 U.S.C. § 405(g)), to obtain judicial review of a final decision of the Commissioner of Social Security denying his claim for Disability Insurance Benefits under Title II of the Act. The parties have filed cross-motions for judgment, and the administrative record has been certified to the Court for review. As discussed below, Defendant contends that the Court lacks jurisdiction to consider this appeal because Plaintiff's Title II claim was denied based on *res judicata*, in light of an earlier administrative denial covering the same time period. In light of this contention, the Court sets out below the procedural history relevant to that issue, and then addresses the jurisdictional issues raised by Defendant.

I.  PROCEDURAL HISTORY

On August 23, 2010, Plaintiff protectively filed an application for Title II disability benefits (the "2010 Application"). (Tr. at 55, 58, 72.)[1] This application alleged a disability onset date of November 21, 2006, through Plaintiff's date last insured ("DLI") of March 31, 2010. (Tr. at 55, 58, 72, 229.) This 2010 Application was denied on October 13, 2010. (Id.) Plaintiff did not seek additional administrative review of that denial. (Tr. at 243.) Therefore, the denial of the 2010 Application for Title II benefits became final at that time.

Plaintiff filed a subsequent application for Title II disability benefits on March 10, 2011 (Tr. at 221-24) (the "2011 Application"), along with an application for Title XVI Supplemental Security Income (the "SSI application") on February 22, 2011 (Tr. at 165-91). These applications alleged a disability onset date of November 30, 2006. (Tr. at 165, 221.) The date last insured for Plaintiff's 2011 Application was still March 31, 2010. Thus, the time period covered by the 2011 Application for Title II benefits was the same time frame included in the prior 2010 Application for Title II benefits. Upon review, a disability adjudicator determined that Plaintiff's 2011 Application for Title II benefits was precluded by *res judicata*. (Tr. at 55, 56, 229; Compl. Ex. 3.) Plaintiff's SSI application was denied on the merits on initial review and on reconsideration. (Tr. at 68, 81.)

On August 11, 2011, Plaintiff requested a hearing before an administrative law judge ("ALJ"). (Tr. at 157, 101-03.) On August 15, 2011, that hearing request was construed as a request for a hearing as to only the SSI denial. (Tr. at 101, 158.) On August 25, 2011, Plaintiff's counsel sent a letter to SSA, apparently requesting a hearing as to the Title II

---

[1] Transcript citations refer to the Sealed Administrative Record [Doc. #5].

claim. (Tr. at 159). Later, on January 23, 2013, Plaintiff's counsel sent another letter "respectfully request[ing] that [Plaintiff's] Title II claim be re-opened for consideration with the Title XVI claim." (Tr. at 156.) Plaintiff's counsel elaborated on this request in a letter on February 8, 2013, noting that Plaintiff's 2011 Application for Title II benefits had been denied by letter received on July 11, 2011, on *res judicata* grounds, and requesting that the Title II claim be re-opened. (Compl. Ex. 3 at 1.)

At the hearing before the ALJ on February 20, 2013, Plaintiff's counsel addressed the merits of Plaintiff's disability claims, and in a related brief, Plaintiff's counsel also noted that Plaintiff "has an application for both Title II and Title XVI" and "[a] letter requesting reopening has also been submitted." (Tr. at 30-53, 286-90). However, the ALJ's decision, dated April 9, 2013, did not reopen the Title II claim, and instead considered the merits only as to Plaintiff's SSI claim. (See Tr. at 17-28.) The decision concluded that Plaintiff had not been under a disability as defined by the Act at any time since his SSI application date of February 22, 2011. (Tr. at 28.) Plaintiff appealed that determination to the Appeals Council, and submitted a brief challenging the determination on the merits. (Tr. at 292-294.) On June 24, 2014, the Appeals Council denied Plaintiff's request for review of this decision, thereby making the ALJ's conclusion the Commissioner's final decision for purposes of judicial review (Tr. at 6-10). Plaintiff subsequently filed the present appeal challenging the denial of his Title II claim.[2] As noted above, in response to Plaintiff's claims, Defendant

---

[2] Plaintiff notes that "[t]he record contains no Notice of Denial or Dismissal of the Title II claim which should have been mailed to [him]." (Pl. Br. at 2.) To the extent that this refers to the fact that the 2010 denial is not included in the Record, the Court notes that the Administrative Record in this case is a record of the 2011 Application, and Plaintiff does not contest the existence of the prior 2010 dismissal or the time period covered, which is reflected in the Record presented. (Tr. at 229.) Moreover, to the extent Plaintiff is referring to the 2011 denial, the Court notes that the attachments to the Complaint include a Letter to the

3

contends that this Court lacks jurisdiction to review the *res judicata* denial of Plaintiff's Title II claim.

II.   DISCUSSION

The Fourth Circuit has provided the following list of principles governing the application of administrative *res judicata* and judicial review in the context of Social Security claims:

> 1. The combined effect of 42 U.S.C. § 405(g) and (h) is to establish a power in the Secretary to deny any social security claim on the basis that it has earlier been denied on the merits by a final administrative decision, i.e., to apply administrative res judicata in bar. Easley v. Finch, 431 F.2d 1351, 1353 (4th Cir. 1970).
>
> 2. An earlier administrative decision at any level in the adjudicative process may be final and therefore properly treated as preclusive of a subsequent claim either because the decision has been judicially affirmed or because administrative reconsideration, hearing, or review, or judicial review has not been timely sought. Shrader v. Harris, 631 F.2d 297, 300-01 (4th Cir. 1980); Leviner v. Richardson, 443 F.2d 1338, 1342 (4th Cir. 1971); see also 20 C.F.R. § 404.957(c)(1) (1981) (superseding 20 C.F.R. § 404.937(a) (1980)).
>
> 3. When, following any final administrative decision denying a claim on the merits a claimant files a subsequent claim, the Secretary may properly apply administrative res judicata in bar only if it is the "same" claim earlier denied. 20 C.F.R. § 404.957(c)(1) (1981) (superseding 20 C.F.R. § 404.937(a) (1980)). Whether it is the same claim must necessarily be determined according to general principles of res judicata respecting the scope of a claim for purposes of merger and bar as adapted to the social security claim context. See Restatement (Second) of Judgments § 61 (1980). Even though it is the same claim, the Secretary may nevertheless, within time limits and for "good cause"

---

SSA from Plaintiff's counsel requesting a hearing on a decision dated July 11, 2011 (Compl. Ex. 1), as well as a Letter to SSA from Plaintiff's counsel specifically noting that the Title II claim was denied by letter received by Plaintiff on July 11, 2011, with quotes from the 2011 denial letter stating that "You do not qualify for benefits because this application concerns the same issues which were decided when an earlier claim was denied. We do not have any information which would cause us to change our earlier decision" (Compl. Ex. 3). Thus, it is apparent that Plaintiff received a denial letter as to his 2011 Title II claim. Plaintiff did not specifically challenge the res judicata determination, but instead requested that the prior 2010 denial be reopened. As discussed above, the ALJ implicitly denied that request and addressed only the SSI claim on the merits.

shown, reopen the claim and consider it on the merits, with or without new evidence. 20 C.F.R. § 404.989 (1981) (superseding 20 C.F.R. § 404.958 (1980)).

4. Assuming that the same claim is involved, and unless a constitutional objection to applying res judicata is raised in the district court, see, e.g., Shrader v. Harris, 631 F.2d at 300, the district court is without jurisdiction under 42 U.S.C. § 405(g) to engage in judicial review either of a decision by the Secretary not to reopen the claim, Califano v. Sanders, 430 U.S. 99, 97 S. Ct. 980, 51 L.Ed.2d 192 (1977); Matos v. Secretary of Health, Education and Welfare, 581 F.2d 282, 286-87 (1st Cir. 1978), or to apply administrative res judicata as a bar to it, Teague v. Califano, 560 F.2d 615, 618 (4th Cir. 1977).

5. On the other hand, if administrative res judicata has been applied in bar of a subsequent claim which, properly assessed, is not the same for res judicata purposes, jurisdiction to engage in judicial review exists. In that situation the subsequent claim is necessarily, in legal contemplation, a different one whose merits have never been addressed administratively. In consequence the Secretary's decision denying the claim was one as to which the claimant was entitled to a hearing and hence, to judicial review of the denial. Cf. Califano v. Sanders, 430 U.S. at 107-08, 97 S. Ct. at 985-86 (refusal to reopen not reviewable because no entitlement to hearing).

6. By the same token, even though the subsequent claim be the same claim for res judicata purposes, if it has nevertheless been reconsidered on the merits to any extent and at any administrative level, it is thereupon properly treated as having been, to that extent, reopened as a matter of administrative discretion under 20 C.F.R. § 404.989 (1981) (superseding 20 C.F.R. § 404.958 (1980)). In that event a final decision of the Secretary denying the claim is also subject to judicial review to the extent of the reopening, without regard to the expressed basis for the Secretary's denial. See Farley v. Califano, 599 F.2d 606 (4th Cir. 1979).

7. From this it is evident that upon a challenge to its jurisdiction on the basis that administrative res judicata has been applied in bar of a claim, or that discretionary reopening of a previously denied claim has been denied, or both, the district court has jurisdiction to determine, as appropriate, whether res judicata has properly been applied, or whether, though res judicata might properly have been applied, the claim has nevertheless been reopened. See Farley v. Califano, 599 F.2d at 608 & n.4. In this the court simply exercises its inherent jurisdiction to determine its own jurisdiction. Texas & Pac. Ry. Co. v. Gulf, Colorado & Santa Fe Ry. Co., 270 U.S. 266, 274, 46 S. Ct. 263, 265, 70 L. Ed. 578 (1926). If the court determines that jurisdiction exists either because administrative res judicata was not properly applied, or because the

denied claim has been either formally or by legal implication reopened, it may then of course judicially review the Secretary's final decision denying the claim.

8. In order to make this jurisdictional determination, the district court must have before it a record sufficient to determine the scope of the successive claims for res judicata purposes, see Farley v. Califano, 599 F.2d at 608 & n.4; Restatement (Second) of Judgments § 61 (1980), or to determine whether the claim, though subject to administrative res judicata, has in fact been administratively reopened to any extent. This may well require that the entire administrative record be made a part of the district court record, but not necessarily. If the identity of claims or the fact of reopening is otherwise apparent as a matter of law from the district court record, the determination may of course be made on that basis.

9. The district court is obviously free to make its independent determination, subject to appellate review, of the jurisdictional questions, including the scope of successive claims for res judicata purposes and whether a denied claim has been administratively reopened, without regard to any determinations or assertions by the Secretary respecting those matters.

McGowen v. Harris, 666 F.2d 60, 65-66 (4th Cir. 1981).

In this case, Plaintiff's 2011 Application for Title II benefits was denied on the basis of *res judicata*. On appeal of that decision, under the principles set out above, the Court has jurisdiction to determine its own jurisdiction, specifically, whether *res judicata* has properly been applied, or whether, though *res judicata* might properly have been applied, the claim has nevertheless been reopened. However, if *res judicata* was properly applied and the prior claim has not been explicitly or implicitly reopened, the Court lacks jurisdiction to review the Commissioner's decision.

In making this determination in this case, the Court notes that the Commissioner's initial denial of Plaintiff's August 23, 2010 Title II Application became final when Plaintiff did not seek reconsideration of the October 2010 denial. This determination had a preclusive effect on Plaintiff's subsequent 2011 Application, because the claims clearly

6

covered the same time period, from November 2006 to the March 31, 2010 date last insured. See McGowen, 666 F.2d at 65 (noting that once an administrative decision is final, the SSA can properly treat it "as preclusive of a subsequent claim either because the decision has been judicially affirmed or because administrative reconsideration, hearing, or judicial review has not been timely sought," and the Commissioner may dismiss a claimant's subsequent application on the grounds of administrative *res judicata* if it involves the same facts and issues as those raised in that claimant's prior claim). The Commissioner therefore properly dismissed Plaintiff's 2011 Application for Title II benefits on the grounds of administrative *res judicata*. As such, this Court lacks jurisdiction to review the Commissioner's decision as to that claim.

Plaintiff's contention that he did not receive a "fair and full hearing" suggests a constitutional objection to the application of *res judicata*. However,

> [t]he law in this circuit allows the Commissioner to treat an initial determination which is not appealed as a final decision with a preclusive effect. See, e.g., McGowen, 666 F.2d at 66; Leviner, 443 F.2d at 1342. Implicit in this holding is that the initial determination, even when not appealed, comports with the requirements of due process. Thus, plaintiff only raises a colorable constitutional claim if [he] alleges specific facts that support the claim that giving the initial determination a preclusive effect in this instance would violate due process. See Culbertson v. Sec'y of Health & Human Servs., 859 F.2d 319, 322–24 (4th Cir. 1988) (giving preclusive effect to *ex parte* determinations of plaintiff's prior claim violated due process in light of her mental incompetence and lack of representation); Shrader v. Harris, 631 F.2d 297, 302 (4th Cir.1980) (finding that, in light of plaintiff's mental illness, he was deprived of due process when Commissioner denied plaintiff's subsequent claim on the basis that its original *ex parte* determination precluded further review).

Butler v. Astrue, No. 7:09-CV-55-FL, 2009 WL 3648277, at *3 (E.D.N.C. Nov. 3, 2009). Here, Plaintiff alleges no specific facts which suggest a violation of due process. As such, Plaintiff fails to state a claim on constitutional grounds.[3]

In addition, the Court notes that Plaintiff agrees that "the ALJ did not reopen the prior claim even *de facto*." (Pl.'s Br. at 11.) Indeed, the ALJ's decision explicitly addressed only the SSI claim, and there is no indication of any review of Plaintiff's Title II claim on the merits. Therefore, there is no basis in this case to conclude that the Commissioner explicitly or implicitly reconsidered the original Title II claim on its merits so that *res judicata* would not apply. Therefore, this Court lacks jurisdiction to review the Commissioner's denial of Plaintiff's 2011 Application for Title II benefits on *res judicata* grounds.

Finally, the Court notes that in his briefing, Plaintiff challenges the ALJ's failure to reopen, or address in any way, Plaintiff's Title II claim. Specifically, Plaintiff argues that, "by failing to address the question of reopening [his] Title II claim," the ALJ denied Plaintiff's "right to a fair and full hearing." (Pl.'s Br. at 8.) As grounds for his argument, Plaintiff cites 20 C.F.R. §§ 404.987 and 404.988, which address the circumstances under which reopening is allowed. (Id. at 10-11.) However, Section 404.987, in its entirety, reads as follows:

> Generally, if you are dissatisfied with a determination or decision made in the administrative review process, but do not request further review within the stated time period, you lose your right to further review and that determination or decision becomes final. However, a determination or a decision made in your case which is otherwise final and binding may be reopened and revised by us.

---

[3] Notably, Plaintiff did not present "a prima facie case that mental incompetence prevented him . . . from understanding the procedures necessary to contest that [original] determination" in October 2010. See Acquiescence Ruling 90-4(4); see also Culbertson v. Sec'y of Health and Human Servs., 859 F.2d at 323-24; Chapman v. Astrue, No. CA 1:10-3052-DCN-SVH, 2011 WL 4965493 (D.S.C. Sept. 26, 2011).

8

Case 1:14-cv-00847-WO-JEP   Document 13   Filed 08/14/15   Page 8 of 10

Section 404.988 then chronicles the conditions under which a decision "may be reopened." However, these regulations provide for a discretionary determination, and did not require the ALJ, the Appeals Council, or any other decision maker within the Social Security Administration ("SSA") to reopen Plaintiff's Title II claim as he now contends. More importantly, as set out above, this Court is "without jurisdiction under 42 U.S.C. § 405(g) to engage in judicial review . . . of a decision by the Secretary not to reopen the claim." McGowen, 66 F.2d at 65; see also Califano v. Sanders, 430 U.S. 99, 97 S. Ct. 980, 51 L.Ed.2d 192 (1977) (concluding that the Social Security Act, 42 U.S.C. § 405(g), does not "authorize judicial review of a final decision of the Secretary not to reopen a claim of benefits" and that § 405(g) "cannot be read to authorize judicial review of alleged abuses of agency discretion in refusing to reopen claims for social security benefits"). As noted above, Plaintiff has not made a showing that denial of his request to reopen the 2010 Application would deprive him of due process.[4] Therefore, the Court lacks jurisdiction to review the denial of Plaintiff's Title II claim in this case.[5]

---

[4] Plaintiff appears to contend that due process was violated because the ALJ did not provide a rationale for declining to reopen the 2010 Application. However, Plaintiff points to no statute or regulation that requires the ALJ to address a motion to reopen, nor does Plaintiff point to any statutes or regulations that require the Commissioner to provide an explanation for declining to reopen a prior determination. Although not raised by Plaintiff, the Court notes that the current version of the Social Security Administration's Hearings, Appeals, and Litigation Law Manual ("HALLEX") may impose an obligation on ALJs to address this issue in some circumstances. HALLEX Chapter I-2-9. However, HALLEX is an internal guidance document, and failure to comply with its provisions would not form a basis for a claim in this Court. See, e.g., Pearson v. Colvin, No. 2:14-CV-26, 2015 WL 3757122 (N.D.W. Va. June 16, 2015) (collecting cases). Moreover, there is no prejudice in the ALJ's failure to include an explanation of his rationale, or in the Commissioner's reliance on the July 11, 2011 administrative determination, since these are discretionary determinations that the Court lacks jurisdiction to review in any event, absent the type of constitutional concern noted above that has not been raised here.

[5] The Court notes that Plaintiff's Complaint, as originally filed, also includes a contention that the final decision "regarding Plaintiff's Title XVI claim is not supported by substantial evidence and is in violation of regulatory and statutory requirements." (Compl. ¶ 10.) However, Plaintiff's Motion for Judgment on the Pleadings and supporting Brief raise only a challenge to the Title II claim, specifically whether the ALJ denied

9

Case 1:14-cv-00847-WO-JEP   Document 13   Filed 08/14/15   Page 9 of 10

IT IS THEREFORE RECOMMENDED that the Commissioner's decision be AFFIRMED, that Plaintiff's Motion for Judgment on the Pleadings [Doc. #7] be DENIED, that Defendant's Motion for Summary Judgment [Doc. #11] be GRANTED, and that this action be DISMISSED with prejudice.

This, the 14th day of August, 2015.

                                                /s/ Joi Elizabeth Peake
                                               United States Magistrate Judge

---

Plaintiff a right to a fair hearing by failing to address the reopening of the Title II claim. (Pl. Br. at 7.) The Court's Briefing Notice [Doc. #6] directed Plaintiff to state specific objections to the decision or to any aspect of the record that counsel contends is erroneous, and to set out each issue in a separate section. Here, there is no explanation as to any alleged error other than the failure to reopen the Title II claim. In Defendant's subsequent Motion, Defendant notes that by failing to raise any other contentions, Plaintiff has waived any argument as to the SSI claim. Plaintiff did not file a Response to that Motion or a Reply disputing this point. Therefore, it appears that Plaintiff has abandoned any challenge as to the SSI claim.